Per Curiam.

The defendants’ appeal involves the question whether the judgment in a prior action against the union is res judicata in the present action against the defendants, of whom some constituted the executive committee of the union and others acted as business agents. The earlier suit had been brought to annul the plaintiffs’ expulsion from membership in the *806 union and resulted in judgment directing their reinstatement. The complaint in the present action charges the defendants with participation in the removal of the plaintiffs from union membership and that the defendants acted in bad faith, maliciously and without any evidence of wrongdoing on the part of the plaintiffs to justify their dismissal. Assuming that the former judgment binds the defendants individually as members of the union, it merely established that the plaintiffs’ expulsion was wrongful, illegal and void in that the union or the defendants as its officers and representatives acting on its behalf proceeded against the plaintiffs without jurisdiction and in violation of their 'rights under the union constitution. It was error, therefore, to hold that the prior judgment prevented the defendants from examining into the questions presented regarding the extent to which each of them participated in the plaintiffs’ ejection from the union and whether they acted in good faith and without malice.
On the plaintiffs’ appeal from the judgment in failing to award as damages the amount of counsel fees incurred in the successful prosecution of the prior litigation against the union we find that the evidence adduced upon the present trial indicates that a substantial portion of such counsel fees was contributed by fellow members of the plaintiffs in the union. Though there was testimony to the effect that such donations were in the nature of loans, it does not appear how much, if anything, each plaintiff was obligated to repay or how much has been paid to counsel by each plaintiff in the way of fees for services rendered to him acting independently of the other and in connection with his own separate cause of action. Without passing upon the law controlling the ultimate right of recovery for such expense it is clear that the evidence in this case is insufficient to support an award of damages based thereon. The present record contains no adequate factual proof in regard to this item. The right of recovery for counsel fees may depend upon participation by the several defendants in the acts leading to the plaintiffs’ expulsion from the union and the existence or nonexistence of a malicious motivation in fact or in law. A decision on these questions must await a new trial of the action.
The judgment should be reversed and a new trial ordered, with costs to the defendants-appellants to abide the event.
Martin, P. J., Glennon, Dore, Callahan and Van Voorhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the defendants-appellants to abide the event. Settle order on notice.